Michael D. Braun (SBN 167416)
**KUZYK LAW, LLP**
2121 Avenue of the Stars, Ste. 800
Los Angeles, California 90067
Telephone:   (213) 401-4100
Facsimile:    (213) 401-0311
Email:    mdb@kuzykclassactions.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMIE COX and MARY JOHNSON** on behalf of themselves and all others similarly situated,<br><br>                              **Plaintiffs,**<br><br>             v.<br><br>**DEL MONTE FOODS, INC.**<br><br>                              **Defendant.** | CASE NO.: 24-cv-04204-VC<br><br><u>CLASS ACTION</u><br><br>**JOINT REQUEST FOR DISMISSAL** |

Plaintiffs Jamie Cox and Mary Johnson ("Plaintiffs") have reached an agreement with Defendant Del Monte Foods, Inc. ("Del Monte") (together with Plaintiffs, the "Parties") that provides for the dismissal of this action with prejudice as to the named Plaintiffs, and without prejudice as to the putative class (the "Agreement").

Pursuant to Paragraph 54 of this Court's Civil Standing Order, the Parties hereby submit this Joint Request for Dismissal. As set forth herein, the dismissal of this matter will not prejudice the potential unnamed class members, to the extent any exist. There has been no Class notice and the Parties are not aware of any publicity about this case. Further, Plaintiffs are unaware of any absent members of the putative class who refrained from filing complaints in reliance on this case. Accordingly, the Parties respectfully request that this Court GRANT the parties' Joint Request for Dismissal and dismiss Plaintiffs' individual claims against Del Monte with prejudice.

The terms of the Agreement are confidential. However, as demonstrated below, they are non-prejudicial in any manner to absent putative class members. Accordingly, the Parties' Joint Request for Dismissal should be granted.

I.   **ARGUMENT**

Federal Rule of Civil Procedure 23(e) states that the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." *Lyons v. Bank of Am., NA.*, No. C 11-1232 CW, 2012 U.S. Dist. LEXIS 168230, at *3 (N.D. Cal. Nov. 27, 2012) quoting *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). The Ninth Circuit has extended this court approval requirement to settlements made before a class has been certified but clarified that that a "court's duty to inquire into a settlement or dismissal differs before and after certification," the former not requiring the same measure of substantive oversight. *Id.*

A district court may "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Diaz*, 876 F.2d 1401, 1408. Where, as here, the Parties have agreed to resolve the named Plaintiffs' claims prior to class certification, Rule 23(e) applies "in a much lighter form that does not entail the kind of substantive oversight required when reviewing a settlement binding upon the class." *Dunn v. Tchrs. Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016) (quoting *Diaz*, 876 F.2d at 1408).

"To determine whether pre-certification settlement or dismissal is appropriate, the Court must assess potential prejudice to the absent putative class members from: (1) possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations; and (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests. *Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 U.S. Dist. LEXIS 145556, at *5 (N.D. Cal. Oct. 10, 2014) quoting *Diaz*, 876 F.2d at 1408. "The central purpose of this inquiry is to 'determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members.'" *Id.* (internal citations omitted).

As demonstrated below, each of the *Diaz* factors demonstrates that dismissal will not prejudice absent putative class members, and therefore dismissal here is proper.

### A. Absent Class Members Have Not Reasonably Relied on Plaintiffs' Class Claims

Plaintiffs' Counsel conducted a diligent search of internet news sites and other on-line sources. While Del Monte has been the subject of a number of consumer class actions, this specific case has garnered no meaningful media attention. Moreover, no one purporting to be a putative class member has contacted Plaintiffs' Counsel about this case. Accordingly, it is highly unlikely that any absent putative class member has opted to rely on this case rather than pursuing an action of his or her own. "[T]he danger of reliance is generally limited to actions that would be considered of sufficient public interest to warrant news coverage of either the public or trade-oriented variety, and such reliance can occur only on the part of those persons learning of the action who are sophisticated enough in the ways of the law to understand the significance of the class action allegation." *Mahan v. Trex Co.*, No. 5:09-cv-00670 JF/PVT, 2010 U.S. Dist. LEXIS 130160, at *10-11 (N.D. Cal. Nov. 22, 2010) (internal citations omitted); *Lyons*, 2012 U.S. Dist. LEXIS 168230 at *5-6 ("apparent lack of media coverage makes it unlikely that similarly situated homeowners knew of Plaintiffs' lawsuit and relied on it for vindication of their own rights").

### B. Absent Class Members Are Not Facing Imminent Statute of Limitations Issues

There is no danger that absent class members will be prejudiced by a rapidly approaching statute of limitations. Plaintiff contends that the filing of a class action generally tolls applicable statute

of limitations for members of the putative class.[1] *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553-554 (1974); *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1122 (1988). Respective statutes of limitations will resume only when Plaintiffs' class claims are dismissed. *Chardon v. Fumero Soto*, 462 U.S. 650, 661-662 (1983) (whether tolling resulting from the filing of ta class complaint has the effect of suspending or renewing the limitations period depends on the underlying statute of limitations); *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985); *Hanni v. Am. Airlines, Inc.*, No. C 08-00732 CW, 2010 U.S. Dist. LEXIS 38436, 2010 WL 1576435, at *3 (N.D. Cal. Apr. 19, 2010).

Moreover, the statutes of limitations applicable to Plaintiffs' causes of action are between 3 and 4 years. The original Complaint in this matter was filed less than 6 months ago so even without tolling there is ample time for any interested class member to pursue their own claim. *Singer v. Am. Airlines Fed. Credit Union,* No. C 05-04961 JCS, 2006 U.S. Dist. LEXIS 82147, at *10 (N.D. Cal. Oct. 30, 2006) ("Based on the tolling of the statute of limitations as to the class which occurred by virtue of the filing of plaintiff's complaint, there is ample time for absent class members to commence a new action should they determine that such a case had merit").

### C.   No Class-Wide Concessions Were Made

Finally, there have been no concessions of class interests. The dismissal of this matter is without prejudice as to all putative class members, with the only exception being the two named Plaintiffs. Therefore, it will not affect the rights of putative class members. *Lyons*, 2012 U.S. Dist. LEXIS 168230 at *6 (finding where class claims are not being dismissed with prejudice, there have been no "settlement or concession" of class interests); *Houston v. Cintas Corp.*, 2009 U.S. Dist. LEXIS 33704 *6 (N.D. Cal. April 3, 2009) ("the parties do not seek to dismiss the class claims with prejudice and, therefore, they are not impacting the rights of potential class members").

//

//

---

[1] While Defendant agrees that absent putative class members are not facing imminent statute of limitations issues, Defendant does not concede that the filing of a class action complaint operates to toll the limitations period in every instance, and reserves all rights in that regard.

## II. CONCLUSION

As demonstrated above, the Parties have satisfied each of the three the *Diaz* factors and now respectfully request this matter be dismissed pursuant to Fed.R.Civ. P. 41(a)(2) with prejudice as to the named Plaintiffs, and without prejudice as to the putative class.[2]

DATED: December 13, 2024                Respectfully submitted,


/s/ John J. Atallah              .
John J. Atallah
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Telephone: 213.972.4500
Facsimile: 213.486.0065

*Attorneys for Defendant Del Monte Foods, Inc.*


/s/ Michael D. Braun              .
Michael D. Braun
**KUZYK LAW, LLP**
mdb@kuzykclassactions.com
2121 Avenue of the Stars, Ste. 800
Los Angeles, California 90067
Telephone:   (213) 401-4100
Facsimile:   (213) 401-0311

*Attorneys for Plaintiffs*

---

[2] Describing terms of a confidential settlement agreement in broad terms is sufficient to satisfy the *Diaz* factors and justify a request for dismissal. *Lyons*, 2012 U.S. Dist. LEXIS 168230, at *5 ("Under the parties' description of their agreement, Plaintiffs would voluntarily dismiss all claims against Defendants with prejudice. Class claims would also be dismissed, but without prejudice to allow putative class members to bring these claims against Defendants in the future. The parties have not disclosed any of their other obligations under the settlement; nonetheless, they have demonstrated that approval is appropriate here").

**ATTESTATION PER LOCAL RULE 5-l(h)(3)**

Pursuant to Local Rule 5-l(i)(3), I attest that the other signatory listed, and on whose behalf this filing is submitted, concurs in the filing content and has authorized this filing.

/s/ Michael D. Braun            .
Michael D. Braun
**KUZYK LAW, LLP**
mdb@kuzykclassactions.com
2121 Avenue of the Stars, Ste. 800
Los Angeles, California 90067
Telephone:(213) 401-4100
Facsimile: (213) 401-0311